UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

| | | |
|---|---|---|
| SANDRA EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 3:11-cv-21 |
| | ) | |
| THE LINCOLN NATIONAL LIFE INSURANCE, | ) | Electronically Filed |
| | ) | |
| Defendant. | ) | |

## PROPOSED/AGREED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between the Plaintiff, Sandra Edwards, and the Defendant, The Lincoln National Life Insurance Company, and their respective counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that certain documents and information that may be produced and exchanged and certain testimony that may be given in this action may contain confidential, trade secret or proprietary information that if disclosed in this action without restriction on its use or further disclosure may cause disadvantage, harm, damage or loss to Plaintiff and/or Defendant. It is, therefore,

**ORDERED**, that the following terms and conditions shall govern the use and further disclosure of any material that is "Confidential," as defined below.

1. "Confidential Materials" include documents, information, things and testimony so designated by the producing party in accordance with the provisions of this Protective Order. A party disclosing or producing documents, information, things or testimony that it believes to be "Confidential Materials" shall designate the same as "Confidential" by marking such designation on the document, information, thing or transcript at the time of disclosure and production. A

party shall make the designation of "Confidential" only when the designating party reasonably and in good faith believes that the document, information, thing or testimony is confidential and entitled to protection under Rule 26(c)(1)(G) of the Rules of Civil Procedure. With regard to discovery responses, any such designation shall be made at the time the responses are served and at the time that the document, information, thing or testimony is furnished to a party conducting such discovery. If upon review any party believes that any document, information, thing or testimony designated by a designating party is not "Confidential," as defined in this Protective Order, then the party may challenge such designation under the procedures set forth in paragraph 11 of this Protective Order.

2. The special treatment accorded Confidential Materials under this Protective Order shall include (subject to the challenge provisions set forth in paragraph 11 of this Protective Order):

(a) All documents, information or things designated "Confidential" under the terms of this Protective Order;

(b) All copies of any Confidential Materials;

(c) Any deposition transcript or exhibit, or portion thereof, that discusses any Confidential Materials; and

(d) Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses any Confidential Materials.

3. All Confidential Materials, including, but not limited to deposition testimony, shall be used solely for the purpose of this action; shall not be used for any other business, competitive, or other purpose; and shall not be disclosed to any other person or third party other than:

(a) Counsel for the parties in the above-styled action, including employees of such counsel who are assisting in the prosecution and/or defense of this suit;

(b) The parties in the above-styled action;

(c) The Court and personnel employed by the Court working on this litigation;

(d) Court reporters at the proceedings in this action;

(e) Outside photocopying services and outside litigation support services;

(f) Experts or consultants retained or consulted by the parties, but only in accordance with the provisions of paragraph 4 of this Protective Order; and

(g) Deponents, trial witnesses, and potential deposition witnesses, but only in accordance with the provisions of paragraph 4 of this Protective Order.

4. Prior to disclosing any Confidential Materials pursuant to paragraph 4 of this Protective Order, counsel making such disclosure shall inform any person to whom disclosure is being made that the Confidential Materials to be disclosed, or any portions thereof, shall not be used except for the specific purposes identified in this Protective Order. Additionally, counsel shall provide a copy of this Protective Order to each person to whom disclosure of Confidential Materials is permitted, and counsel shall specifically advise such person that this Protective Order applies to and is binding upon such person. The party making use of or who discloses any Confidential Materials shall take reasonable steps to ensure compliance with this Protective Order.

5. Any Confidential Materials used as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to any Confidential Materials at a deposition, at the request of the party asserting confidentiality, the portion of the deposition transcript that relates to such Confidential Materials shall be stamped

"Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of this Protective Order, subject to the right of any party to challenge such designation under paragraph 11 of this Protective Order.

6. Deposition testimony shall be considered Confidential Materials and subject to this Protective Order according to the procedure for confidential designation of documents, information, things and testimony contained herein. If no party provides notice of the designation of deposition testimony as "Confidential" on the record at the deposition, then none of the testimony from the deposition shall be treated as subject to this Protective Order. If deposition testimony is designated as "Confidential" on the record during the deposition, then the entire deposition transcript shall be treated as "Confidential" under the provisions of this Protective Order (subject to the right of any party to challenge such designation under paragraph 11 of the Protective Order ) for a period of fifteen (15) days from the date the designating party receives the deposition transcript (the "Deposition Grace Period"). In order for the deposition testimony to remain "Confidential," the designating party shall designate the specific deposition testimony that it considers "Confidential" by underlining the portions of the deposition testimony that the designating party claims to be "Confidential," stamping such pages "Confidential" and providing the same to opposing counsel before the expiration of the Deposition Grace Period.

7. Confidential Materials and all information in them may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such Confidential Materials, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "Confidential" and separately filed under seal. Confidential Materials may be used or offered into evidence at the trial of this suit, or at any court hearing in this litigation, provided that when using Confidential Materials in court, counsel for the party using the Confidential Materials shall take steps to insure against the

inadvertent disclosure of the "Confidential" documents to persons not subject to this Protective Order.

8. Upon request by the producing party, within ninety (90) days of the conclusion of this matter as to all parties, all Confidential Materials, and all excerpts or summaries thereof produced by that party, shall be returned to the producing party or destroyed with notice of such destruction provided to the producing party.

9. Nothing in this Protective Order shall prevent a party from any use of its own Confidential Materials.

10. Confidential Materials designated as such when produced by any party in response to discovery requests served after the filing of the complaint in this suit and prior to the entry of this Protective Order by the Court shall be subject to the provisions of this Protective Order to the same extent as if this Protective Order has been entered by the Court, unless the Court directs otherwise.

11. If upon review any party believes that any document, information, thing or testimony designated by a designating party is not "Confidential," then the party may challenge the designation by notifying the designating party within thirty (30) days of receipt of the document, information, thing or testimony. The written notice must specifically identify the challenged document, information, thing or testimony by bates numbered page where available. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, the challenging party may move for a disclosure order. Any motion for disclosure shall be filed within fourteen (14) days of receipt by the designating party of the written notice, and the challenged information shall continue to be considered Confidential Materials from the time it is produced until the

ruling by the Court on the motion. However, nothing herein shall be construed to change the burdens for any party as they exist under Rule 26(c).

12. Documents, information or things produced or served in the litigation that are not identified as "Confidential" when they were initially served may within 30 days after production or service be designated as "Confidential" by providing written notice to counsel for all parties. Each party who receives such written notice shall reasonably endeavor to retrieve any documents, information or things that may have been disseminated prior to the designation, shall affix a "Confidential" designation to the documents, information or things in accordance with this Protective Order, and shall thereafter distribute such Confidential Materials only as allowed by this Protective Order. No distribution of any documents, information or things later designated as "Confidential" under this paragraph 12 prior to the receipt of such designation by written notice shall be deemed a violation of this Protective Order or a waiver of any of the protections, rights or obligations that any party or any document, information or thing may have under this Protective Order.

13. Before seeking relief from the Court due to an alleged violation of this Protective Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

14. The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by either party, or by order of the Court. The provisions of this Protective Order shall not terminate at the conclusion of the underlying action and the Court shall retain jurisdiction over the parties for the limited purpose of administering and enforcing this Protective Order.

Signed this 26th day of September, 2011.

                                                        UNITED STATES DISTRICT JUDGE

SUBMITTED FOR APPROVAL BY:


/s/ John M. Scannapieco
John M. Scannapieco
Tenn. Reg. No. 14473
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
(615) 252-2352 – Telephone
jscannapieco@babc.com


*Attorneys for the Defendant, The Lincoln National Life Insurance Company*



/s/ R. Scott Wilson (w/ permission JS)
R. Scott Wilson (BPR No. 019661)
Jeremy L. Bordelon (BPR No. 028181)
Eric Buchanan & Associates
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506

*Attorneys for the Plaintiff, Sandra Edwards*